This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　**NO. 29,996**

**PAUL GUTIERREZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Daniel R. Lindsey, P.C.
Daniel R. Lindsey
Clovis, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

　　　Defendant Paul Gutierrez was found guilty after trial of aggravated driving

while under the influence of intoxicating liquor and/or drugs and failure to maintain traffic lane. The district court sentenced Defendant to serve a term of imprisonment of eighteen months, suspending twelve months, and required Defendant to serve the suspended term on probation. The district court granted Defendant credit of thirty-six days against the six-month sentence for presentence confinement and credit of twelve months against the probation time for time on an ankle monitor. Defendant appeals the sentence because it fails to give him credit for nine hundred and two days that he had been on the ankle monitor and house arrest program.

The State concedes that the district court erred by not granting Defendant presentence confinement credit for the time that Defendant was on house arrest and on the electronic monitoring ankle bracelet. We agree with the position of the parties. *See State v. Foster*, 1999-NMSC-007, ¶ 25, 126 N.M. 646, 974 P.2d 140 (stating that the appellate court is not bound by the state's concession), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

Under NMSA 1978, Section 31-20-12 (1977),

> [a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense.

In *State v. Fellhauer*, 1997-NMCA-064, ¶ 17, 123 N.M. 476, 943 P.2d 123, this Court held that

Section 31-20-12 applies to time spent outside a jail, prison or other adult or juvenile correctional facility when (1) a court has entered an order releasing the defendant from a facility but has imposed limitations on the defendant's freedom of movement, OR the defendant is in the actual or constructive custody of state or local law enforcement or correctional officers; and (2) the defendant is punishable for a crime of escape if there is an unauthorized departure from the place of confinement or other non-compliance with the court's order.

In *State v. Guillen*, 2001-NMCA-079, ¶ 11, 130 N.M. 803, 32 P.3d 812, we discussed the *Fellhauer* requirements and held that

any defendant charged with a felony who is released (1) under conditions of house arrest that require the defendant to remain at home except to attend specified events such as treatment, work, or school and (2) pursuant to a community custody release program that holds the defendant liable to a charge of escape under [NMSA 1978, Section 30-22-8.1 (1999)], is entitled to presentence confinement credit for the time spent in the program.

In our most recent discussion of *Fellhauer*, *State v. Duhon*, we further refined the requirement that there be a community custody release program to require only that the release of a defendant be "'judicially approved' subject to defined procedures and conditions on a case-by-case basis." 2005-NMCA-120, ¶ 11, 138 N.M. 466, 122 P.3d 50.

Defendant's release in this case met the two requirements of *Fellhauer*. The magistrate court released Defendant under house arrest and on an ankle bracelet, satisfying the first requirement. As to the second requirement, Defendant's release was judicially approved and subject to defined procedures and conditions.

3

**CONCLUSION**

We reverse the district court's sentence and remand to the district court to re-sentence Defendant with presentence confinement credit for the time he was under house arrest and on an ankle bracelet.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**

4